# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRACEY LOPEZ,

    Plaintiff,

v.                                                              Case No. 20-CV-541

GRAND CHUTE POLICE DEPARTMENT,

    Defendant.

## SCREENING ORDER

Plaintiff Tracey Lopez, an inmate confined at the Taycheedah Correctional Institution, filed a *pro se* complaint alleging that the defendant violated her right to privacy under Wisconsin state law. (ECF No. 1 at 4-5.) Lopez paid the civil case filing fee in full on April 2, 2020. This order screens and dismisses the complaint.[1]

1. **Screening the Complaint**

    *1.1 Federal Screening Standard*

    The Prison Litigation Reform Act ("PLRA") applies to this case because Lopez was a prisoner when she filed her complaint. *See* 28 U.S.C. § 1915(h). Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

---

[1] Lopez consented to magistrate judge jurisdiction on April 8, 2020. (ECF No. 3.) The "Grand Chute Police Department" is not a suable entity capable of consent. *See Jackson v. Bloomfield Police Dep't*, 764 F. App'x 557, 558 (7th Cir. 2019); *Cf. Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017). Consequently, there is only one "party" under 28 U.S.C. §636 and the court has her consent.

1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)).

To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*1.2 Lopez's Allegations*

On December 8, 2018, Lopez had a "domestic argument" with her ex-boyfriend and was arrested and sent to the Winnebago County Jail. (ECF No. 1 at 2.) While in custody at the jail, Lopez's ex-boyfriend told her that a police officer with the Grand Chute Police Department gave him information regarding the location of Lopez's

2

daughter. (*Id.* at 3.) The police officer also told the ex-boyfriend about individuals who visited Lopez at the jail. (*Id.* at 4.) Lopez explains that the police officer was an ex-girlfriend of her ex-boyfriend and the pair "remain close personal friends." (*Id.*) Lopez's ex-boyfriend asked the police officer to give him the information. (*Id.*)

Lopez reported the incident to the Grand Chute Police Department in March 2019. (*Id.* at 3.) The police department investigated the allegations and substantiated Lopez's claims. (*Id.* at 3-4.) The police department then disciplined the ex-girlfriend and took "corrective actions." (*Id.* at 4.) Lopez seeks monetary damages "in an amount [she] has not yet decided on." (*Id.* at 5.) She also wants to know how the ex-girlfriend was disciplined. (*Id.*)

*1.3 Analysis*

Lopez contends that this court has jurisdiction over this lawsuit due to the diversity of citizenship of the parties. (ECF No. 1 at 5). Thus, the court must first determine whether the parties are citizens of different states and whether the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *see also Banks v. Preston Humphrey, LLC*, 609 F. App'x 351, 353 (7th Cir. 2015) ("Jurisdiction is the first question in every federal case.").

Lopez states that she is a citizen of Wisconsin. (ECF No. 1 at 1.) She states that the defendant is also a citizen of Wisconsin. (*Id.*) The court accepts these allegations as true. *See Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017)("[I]n litigation filed under the diversity jurisdiction of 28 U.S.C. § 1332, a plaintiff's allegations about the parties' citizenship are accepted unless they are challenged or

3

seem collusive, and then they must be proved.") The parties both being citizens of Wisconsin, they are not diverse, and, therefore, the court does not have diversity jurisdiction under 28 U.S.C. § 1332.

Lopez also fails to state a claim upon which relief can be granted under federal law. *See* 28 U.S.C. §1331. To state a claim under §1983, Lopez must allege that someone deprived her of a right secured by the Constitution or the laws of the United States, and that whoever deprived her of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Lopez named the "Grand Chute Police Department" as the only defendant. The court assumes that she intended to proceed against the town of Grand Chute because a police department is not suable under § 1983. *See Jackson v. Bloomfield Police Dep't*, No. 17-C-1515, 2018 WL 5297819, at *1 (E.D. Wis. Oct. 25, 2018), aff'd, 764 F. App'x 557 (7th Cir. 2019) ("The Wisconsin Statutes contain no provision granting a town police department the capacity to sue and be sued. Rather, the power to sue and be sued is vested in the town itself."). To state a claim against the town of Grand Chute Lopez would need to identify a widespread custom or policy that violated her constitutional rights. *See Jackson v. Bloomfield Police Dep't*, 764 F. App'x 557, 558 (7th Cir. 2019). "A plaintiff must allege more than a chance slip-up by an individual employee." *Petropoulos v. City of Chicago,* No. 19-CV-03206, 2020 WL 1433826, at *4 (N.D. Ill. Mar. 24, 2020). A single instance of disclosing information to the wrong person does not establish a custom or policy of violating a federal constitutional right

4

to privacy. *Id*. at *5. Lopez alleges that one police officer who worked for the town of Grand Chute disclosed information about her one time. These allegations would not implicate a custom or policy implemented by the town of Grand Chute that violated her constitutional rights.

Nor does Lopez have a constitutional claim against the individual police officer. A federal constitutional right to privacy exists, but it has not been extended to disclosure of addresses or the identity of visitors at a jail. *See Sexton v. Runyon*, No. 1:03-CV-291-TS, 2005 WL 2030865, at *9 (N.D. Ind. Aug. 23, 2005) (explaining that the constitutional right to privacy does not extend to addresses and social security numbers because neither type of information is "intimate or personal in nature."). Accordingly, the court will dismiss this case based on failure to state a claim upon which relief can be granted. *See Jackson*, 764 F. App'x at 558 (concluding that a district court need not give the plaintiff an opportunity to amend the complaint when amendment would be futile).

2. **Conclusion**

**IT IS ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated in Milwaukee, Wisconsin, this 12th day of May, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge